IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PERRY BACKES, | ) | No. C 10-2565 MMC (PR) |
| Petitioner, | ) ) | **ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| v. | ) ) | |
| CALIFORNIA BOARD OF PAROLE HEARINGS, | ) ) ) | (Docket No. 2) |
| Respondent. | ) ) | |
| _____ | ) | |

On June 10, 2010, petitioner, a California prisoner incarcerated at the Correctional Training Facility at Soledad and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of parole by the California Board of Parole Hearings ("Board"). Petitioner seeks leave to proceed in forma pauperis.

**BACKGROUND**

In 1982, in the Superior Court of Los Angeles County, petitioner pleaded guilty to first degree murder. He was sentenced to a term of twenty-five years to life in state prison. At two parole hearings, held, respectively, on September 9, 2008, and June 2, 2009, the Board found petitioner unsuitable for parole. Thereafter, petitioner filed state habeas petitions asking that he be provided with access to the underlying raw data relied upon by Board psychologists to prepare petitioner's psychological evaluations. Petitioner claimed that without such information, he could not mount a viable challenge to the Board's

determination that he poses a risk to public safety if released.

The state habeas petitions were denied at all levels of review, with the most recent denial filed by the California Supreme Court on March 14, 2010.

**DISCUSSION**

A. Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B. Petitioner's Claim

Petitioner claims that without access to the above-noted raw data relied upon by Board psychologists to prepare petitioner's psychological evaluations, petitioner cannot pursue a meaningful appeal of the parole denials in state court. Consequently, he asks the Court to order that he be provided with such data.

The Court does not have authority to take the action requested by petitioner. Specifically, federal district courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties. See Demos v. U.S. District Court, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (holding federal court cannot direct state court to accept pro se litigant's filings); see also In re Campbell, 264 F.3d 730, 731-32 (7th Cir. 2001) (finding no federal mandamus jurisdiction to direct state trial court to provide petitioner with transcripts for preparing state habeas petition).

Further, petitioner's request appears to be moot. Specifically, the Court takes

judicial notice of search results obtained from the case information database of the official government website of the California courts,[1] which results show the following: on May 27, 2010, petitioner filed in the California Court of Appeal a state habeas petition challenging the Board's denial of parole; on October 7, 2010, the California Court of Appeal dismissed the petition as moot,` on the ground that the Board, at a hearing conducted on June 10, 2010, found petitioner suitable for parole.  See In re Perry Backes on Habeas Corpus, Case No. B224698.

Based on the above, the instant petition will be dismissed.

C.  Request to Proceed In Forma Pauperis

Petitioner seeks leave to proceed in forma pauperis herein.  Good cause appearing, the request will be granted.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Petitioner's request to proceed in forma pauperis is hereby GRANTED.

2. The petition is hereby DISMISSED.

This order terminates Docket No. 2.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: November 19, 2010

MAXINE M. CHESNEY
United States District Judge

---

[1] See http://appellatecases.courtinfo.ca.gov.

3